## UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | | |
|---|---|---|
| Benjamin Johnson, #275623, | ) | Case No. 2:20-cv-03831-RBH-MGB |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **REPORT AND RECOMMENDAITON** |
| | ) | |
| Bryan P. Stirling and April Clarke, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Benjamin Johnson ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brings this civil action alleging violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review all pretrial matters in this case and submit findings and recommendations to the United States District Judge. For the reasons discussed below, the undersigned recommends that this action be summarily dismissed with prejudice.

## BACKGROUND

The instant case is based on the alleged mental and emotional injuries Plaintiff sustained after witnessing a riot at Lee Correctional Institution ("Lee") on April 15, 2018. After reviewing the initial Complaint (Dkt. No. 1), the undersigned issued an order notifying Plaintiff that his action was subject to summary dismissal for failure to state a claim upon which relief may be granted. (Dkt. No. 7.) In light of Plaintiff's *pro se* status, however, the undersigned gave him an opportunity to cure the deficiencies identified in the original pleading by filing an amended complaint. In compliance with the undersigned's instructions, Plaintiff filed an Amended Complaint (Dkt. No. 11), which is now before the Court for initial review.

1

The undersigned notes at the outset that many of the allegations in Plaintiff's Amended Complaint are illegible and, in any event, incoherent. Based on the undersigned's review, however, the crux of the Amended Complaint appears to be that Defendant Bryan Stirling, Director of the South Carolina Department of Corrections ("SCDC"), allegedly violated Plaintiff's Eighth Amendment rights in relation to the prison riot on April 15, 2018. On that particular day, Plaintiff claims that the prison's head of security failed to adequately lock down the facility and left only a skeletal crew to manage the prisoners. (Dkt. No. 11 at 10.) A riot later erupted, which resulted in the deaths of seven inmates and serious injuries to others. Plaintiff claims that while he was not physically involved, he witnessed much of the riot from the window of his prison cell and was traumatized by the violence. (*Id.* at 6.)

Although not entirely clear, Plaintiff seems to suggest that the riot was somehow "orchestrated" by Defendant Stirling, to whom he repeatedly refers as the "slave master" and "overseer of the plantation." (*Id.* at 9.) More specifically, Plaintiff claims that Defendant Stirling violated SCDC's safety procedures in responding to the riot because he failed to intervene in a timely manner and at one point directed prison staff to "stand down." (*Id.* at 7–10; *see also id.* at 7, stating that Defendant Stirling's actions and the actions of the Lee correctional officers were "not consistent with modern accepted prison riot control procedures.") Plaintiff further alleges that Defendant Stirling "obstructed official proceedings" relating to the riot and that his purported misconduct was covered up by the South Carolina Law Enforcement Division's ("SLED") "so-called state investigation" and by the "political lackeys in the legislature and executive branches of government." (*Id.* at 11–12; *see also id.* at 11, asserting that Defendant Stirling "practices in deceit and deception.")

Following the riot, Plaintiff claims that he suffered from "emotional distress and mental anguish," but was denied prompt, adequate mental health treatment from Lee's medical staff. (*Id.* at 6–7, 14.) According to Plaintiff, it was not until he transferred to a different SCDC facility that he was evaluated and diagnosed with post-traumatic stress disorder ("PTSD") as a result of what he witnessed during the riot. (*Id.* at 6, 14.) Notably, Plaintiff does not suggest that Defendant April Clarke—SCDC's "Division Director of Health and Professional Services" and the other Defendant named in this matter—was involved in this purportedly delayed mental health treatment. Rather, the Amended Complaint contains what appears to be an isolated, unrelated allegation that Defendant Clarke failed to approve medication Plaintiff apparently needed to control his multiple sclerosis ("MS"). (*Id.* at 7, 16.)

Based on the above, Plaintiff claims that Defendants Stirling and Clarke were deliberately indifferent to his safety and medical needs in violation of the Eighth Amendment. (*Id.* at 4.) The Amended Complaint appears to allege three specific claims: (1) Defendant Stirling failed to protect Plaintiff from harm during the riot on April 15, 2018, and (2) failed to secure him proper mental health treatment in the months that followed; and (3) Defendant Clarke failed to approve certain medication needed to treat Plaintiff's MS. Plaintiff seeks over $25 million in compensatory and punitive damages for his mental and emotional injuries. (*Id.* at 14.)

## STANDARD OF REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Amended Complaint pursuant to the procedural provisions of the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This action has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit, and is also

governed by 28 U.S.C. § 1915A, which requires the court to review a complaint filed by a prisoner that seeks redress from a governmental entity or officer or employee of a governmental entity.

To protect against possible abuses, the court must dismiss any prisoner complaints, or portions of complaints, that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b). A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Indeed, a claim based on a meritless legal theory may be dismissed *sua sponte* "at any time" under 28 U.S.C. § 1915(e)(2)(B). *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989). The United States Supreme Court has explained that the statute "is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits." *Id.* at 326.

As to failure to state a claim, a complaint filed in federal court must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" as required under Rule 8 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 8(a)(2). In order to satisfy this standard, a plaintiff must do more than make conclusory statements. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the court need not accept as true a complaint's legal conclusions). Rather, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *See id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), the complaint fails to state a claim.

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is therefore charged with

4

liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure to allege facts that set forth a cognizable claim under Rule 8(a)(2). *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990); *see also Iqbal*, 556 U.S. at 684 (outlining pleading requirements under Rule 8, Fed. R. Civ. P., for "all civil actions"). Such is the case here.

## DISCUSSION

As noted above, the illegible and indecipherable nature of Plaintiff's allegations makes it difficult for this Court to ascertain the true scope of his claims against Defendants. *See Bell v. Bank of Am., N.A.,* No. 1:13-cv-00478-RDB, 2013 WL 6528966, at *1 (D. Md. Dec. 11, 2013) (explaining that while "a *pro se* plaintiff is general[ly] given more leeway than a party represented by counsel . . . a district court is not obligated to ferret through a [c]omplaint . . . that is so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised") (internal quotation marks and citations omitted); *see also Kraim v. Columbia Police Dep't*, No. 3:18-cv-1335-MGL-PJG, 2019 WL 2058252, at *1 (D.S.C. May 7, 2019) ("Illegible words or allegations need not be considered by the court."). Assuming, however, that the undersigned's interpretation is correct, the Amended Complaint alleges three Eighth Amendment violations in relation to Plaintiff's safety and mental health needs under 42 U.S.C. § 1983. (*See supra* p. 3.)

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement; specifically, prison officials "must ensure inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal citations and quotation marks

omitted). As the undersigned previously explained in the proper form order (Dkt. No. 7 at 2), to prevail on a claim under the Eighth Amendment, the plaintiff must demonstrate that objectively the deprivation of a basic human need was sufficiently serious, and that subjectively the prison officials acted with a "sufficiently culpable state of mind." *See id.* at 834 (referencing *Wilson v. Seiter*, 501 U.S. 294, 297–98 (1991)). A culpable state of mind is "one of 'deliberate indifference' to inmate health or safety." *Id.* A prison official demonstrates deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837. Viewing the Amended Complaint against this standard, the undersigned finds that Plaintiff's allegations against Defendants fall short of actionable Eighth Amendment claims for several reasons.

## I.    Defendant Bryan Stirling

With respect to Plaintiff's allegations against Defendant Stirling, the undersigned first notes that any unsubstantiated allusions to a statewide conspiracy involving an intentionally "orchestrated" riot—without more—are plainly frivolous and therefore subject to summary dismissal. *See Songer v. Overton*, No. 7:18-cv-00491, 2018 WL 6242372, at *2 (W.D. Va. Nov. 29, 2018) (explaining that while 28 U.S.C. § 1915(e)(2)(b) "does not authorize the district court to engage in factfinding to resolve disputed facts, it does permit the court to apply common sense [and] reject the fantastic"); *McLean v. United States*, 566 F.3d 391, 399 (4th Cir. 2009) (noting that examples of frivolous claims include those whose factual allegations are so "wholly fanciful" as to be simply "unbelievable") (internal quotation marks and citations omitted); *see also Twombly*, 550 U.S. at 555 (noting that a complaint must contain facts that "raise a right to relief above the *speculative* level") (emphasis added). Notwithstanding the plainly frivolous, speculative

nature of Plaintiff's allegations, however, the Amended Complaint contains additional pleading deficiencies that warrant dismissing the claims against Defendant Stirling.

### A.    Defendant Stirling's Alleged Failure to Protect Plaintiff's Safety

First, it is well-established that a person acting under color of state law can be held liable under § 1983 for an Eighth Amendment violation only if he or she was personally involved in the deprivation of the plaintiff's constitutional rights. *Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017); *see also Hill v. Bodiford*, No. 4:20-cv-2254-BHH-TER, 2020 WL 5079073, at *3 (D.S.C. Aug. 7, 2020), *adopted*, 2020 WL 5077656 (D.S.C. Aug. 27, 2020) (explaining that a plaintiff must show that he suffered an injury resulting from a defendant's specific conduct and "an affirmative link" between the injury and that conduct). In other words, the doctrines of vicarious liability and *respondeat superior* generally are not applicable in § 1983 actions such as this one. *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.").

With respect to Defendant Stirling's purported indifference to Plaintiff's safety, the only direct, personal involvement alleged in the Amended Complaint appears to be Defendant Stirling's responsive action during the riot—*i.e.*, intervening too late and directing prison officials to "stand down." (Dkt. No. 11 at 7–10.) However, to the extent Plaintiff is attempting to hold Defendant Stirling liable for failing to comply with SCDC's standard "riot" procedures, an alleged "failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation" under § 1983. *Greene v. White*, No. 4:15-cv-00392-JMC-TER, 2016 WL 11410282, at *3 n.3 (D.S.C. Feb. 29, 2016), *adopted*, 2016 WL 1742808 (D.S.C. May 3, 2016); *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008). Along those same lines, any

purported negligence displayed by Defendant Stirling in responding to the riot likewise falls short of deliberate indifference to Plaintiff's safety under the Eighth Amendment. (*See* Dkt. No. 7 at 2 n.1, warning Plaintiff that mere negligence does not amount to deliberate indifference.) *See also Davidson v. Cannon*, 474 U.S. 344, 347 (1986) (explaining that even if government official's lack of due care leads to serious injury, negligence "does not approach the sort of abusive government conduct" the United States Constitution is designed to prevent); *Moore v. Winebrenner*, 927 F.2d 1312, 1316 (4th Cir. 1991); *see also Norris v. Joyner*, No. 1:19-cv-245-JFA-SVH, 2019 WL 2291433, at *2 (D.S.C. Apr. 29, 2019), *adopted*, 2019 WL 2284905 (D.S.C. May 29, 2019) (dismissing Eighth Amendment claim in relation to Lee riot because prisoner's allegations sounded in negligence, which is insufficient to demonstrate that defendants were deliberately indifferent to inmate safety, *i.e.*, that "they wantonly and obdurately failed to take precautions").

Moreover, the Amended Complaint fails to identify a compensable injury resulting from Defendant Stirling's alleged failure to protect Plaintiff during the riot. "There is no federal constitutional right to be free from emotional distress, psychological stress, or mental anguish; hence, there is no liability for compensatory or punitive damages under § 1983 regarding such claims." *Khan v. Stirling*, No. 9:18-cv-3130-BHH-BM, 2019 WL 3976626, at *5 (D.S.C. July 24, 2019), *adopted*, 2019 WL 3973708 (D.S.C. Aug. 22, 2019). Indeed, the PLRA expressly prohibits the filing of civil actions by prisoners "for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Thus, a plaintiff seeking damages for emotional trauma cannot rely on "conclusory statements of emotional distress," *Knussman v. Maryland*, 272 F.3d 625, 640 (4th Cir. 2001), or "generalized claims of adverse mental health," *Germain v. Bishop*, No. 1:15-cv-01421-TDC, 2018 WL 1453336, at *13 (D. Md. Mar. 23, 2018), to establish a cognizable Eighth Amendment claim. *See also, e.g., Bolick v.*

*Thompson*, No. 5:20-cv-03119-RBH, 2021 WL 1220826, at *2 (D.S.C. Apr. 1, 2021) (dismissing prisoner's suit seeking compensatory and punitive damages under § 1983 "for the alleged fear, psychological distress, or mental injury he suffered as a result of Defendants' handling of the COVID-19 pandemic" without physical injury).

Here, Plaintiff fails to allege facts showing a severe physical injury that would allow him to also recover for his purported emotional trauma. In filing his Amended Complaint, Plaintiff clarified that he was not physically assaulted in the riot, but rather, suffered "severe anxiety, emotional distress and mental anguish" based on what he witnessed from inside his cell. (*See* Dkt. No. 11 at 14, noting that Plaintiff also developed PTSD.) Such emotional trauma falls short of the requisite physical injury contemplated by the PLRA. Indeed, this Court has addressed similar, if not identical, Eighth Amendment claims raised by prisoners who, like Plaintiff, witnessed the riot at Lee Correctional Institution on April 15, 2018. In each of those cases, the Court found that inmates who suffered mental and emotional distress after witnessing the violence failed to allege a sufficient physical injury to recover damages. *See, e.g.*, *Burgess v. Stirling*, No. 5:20-cv-782-JMC-KDW, 2020 WL 4719892, at *2 (D.S.C. Apr. 30, 2020), *adopted*, 2020 WL 2783672 (D.S.C. May 28, 2020) (dismissing constitutional claims where plaintiff's injuries stemming from the Lee riot—including PTSD, nightmares, and an apparent suicide attempt—indicated mental health issues only); *Turner v. Stirling*, No. 8:20-cv-0942-TMC-JDA, 2020 WL 1930616, at *1 (D.S.C. Mar. 9, 2020), *adopted*, 2020 WL 1922906 (D.S.C. Apr. 21, 2020) (dismissing constitutional claims where plaintiff purportedly suffered from PTSD and required ongoing mental health treatment based on "the things he saw" during the riot). Accordingly, even if Defendant Stirling's response to the riot was somehow improper, Plaintiff has still failed to demonstrate that he suffered an actionable injury as a result of such conduct. The undersigned therefore finds that Plaintiff's

allegations regarding Defendant Stirling's failure to protect him from harm during the riot fail to state a claim to relief under § 1983 and are subject to summary dismissal.

### B.    Defendant Stirling's Alleged Failure to Ensure Proper Medical Treatment

Turning now to Plaintiff's allegations of inadequate mental health treatment following the riot, the undersigned reiterates that the doctrines of vicarious liability and *respondeat superior* generally do not apply to § 1983 claims. Because Defendant Stirling is not part of Lee's medical team, the undersigned assumes Plaintiff is attempting to sue him in his supervisory capacity. To allege a plausible Eighth Amendment claim against a prison official in his supervisory capacity, the plaintiff must show: (1) that the supervisor had actual or constructive knowledge that his subordinates engaged in conduct posing a pervasive or unreasonable risk of constitutional injury; (2) that his response to the knowledge was "so inadequate as to show deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Green v. Beck*, 539 F. App'x 78, 80 (4th Cir. 2013).

Although Plaintiff claims that Defendant Stirling was deliberately indifferent to his mental health needs, the Amended Complaint does not demonstrate that Defendant Stirling was aware of Plaintiff's purported emotional condition following the riot. To the contrary, Plaintiff specifically refers to the "mental health staff" in discussing the alleged lack of medical treatment. (*See, e.g.*, Dkt. No. 11 at 5, alleging that the "mental health staff" demonstrated "callous disregard" in failing to evaluate Plaintiff; *id.* at 6, asserting that the "mental health staff took two years before performing discretionary functions in providing Plaintiff with mental health evaluation or mental health counseling.") Accordingly, as the undersigned previously warned Plaintiff, any claims against Defendant Stirling for the allegedly inadequate mental health treatment provided by Lee's

medical staff fall short of deliberate indifference under the Eighth Amendment and are therefore subject to summary dismissal. (*See* Dkt. No. 7 at 3, referencing *Brice v. Va. Beach Corr. Ctr.*, 58 F.3d 101, 105 (4th Cir. 1995) and noting that knowledge "becomes essential to proof of deliberate indifference.") *See also Scinto v. Stansberry*, 841 F.3d 219, 226 (4th Cir. 2016) (stating that there must be "actual subjective knowledge of both the inmate's serious medical condition and the excessive risk posed by [the official's] action or inaction").

C.    **Eleventh Amendment Immunity**

Notwithstanding the above, the undersigned notes that even if Plaintiff could somehow allege a plausible Eighth Amendment claim against Defendant Stirling based on his actions during and/or after the riot, the Eleventh Amendment bars damages actions against the State, as well as its agencies, divisions, departments, officials, and other "arms of the State." *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70 (1989) (explaining that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office . . . [and] is no different from a suit against the State itself"). Defendant Stirling is clearly considered an arm of the State for purposes of Eleventh Amendment immunity. *See, e.g.*, *Fordham v. Bachman*, No. 2:16-cv-249-RMG-MGB, 2016 WL 11409542, at *3 (D.S.C. Apr. 5, 2016), *adopted*, 2016 WL 1688743 (D.S.C. Apr. 26, 2016) (explaining that prison officials, in their official capacities, are immune from suit under the Eleventh Amendment as arms of the State); *Russell v. Stirling*, No. 2:19-cv-01965-CMC-MGB, 2020 WL 6732739, at *4 (D.S.C. Aug. 25, 2020), *adopted*, 2020 WL 6710849 (D.S.C. Nov. 16, 2020) (finding that Bryan Stirling, as Director of SCDC, is a state official and therefore protected against claims for monetary damages under the Eleventh Amendment). Because Plaintiff seeks only damages against Defendant Stirling in his

official capacity, such claims are ultimately subject to summary dismissal pursuant to the Eleventh Amendment.

## II.     Defendant April Clarke

Like the claims against Defendant Stirling, the undersigned notes that Plaintiff's allegations against Defendant Clarke are similarly illegible and difficult to discern. As stated above, however, the Amended Complaint seems to suggest that Plaintiff was prescribed some kind of medication to control his MS and Defendant Clarke—who is apparently "responsible for medical care generally" as the "Division Director of Health and Professional Services for SCDC"—failed to approve this medication. (*See* Dkt. No. 11 at 3, 7.) These cursory allegations fail to state a claim of deliberate indifference under the Eighth Amendment for several reasons.

At the outset, the core of Plaintiff's Amended Complaint is clearly the Lee prison riot— and yet the allegations against Defendant Clarke appear to be completely unrelated to the events of April 15, 2018, or to the medical treatment Plaintiff required in response thereto. *See Cooper v. South Carolina*, No. 3:17-cv-3205-CMC-PJG, 2017 WL 6388042, at *3 (D.S.C. Dec. 14, 2017) (explaining that unrelated claims against different defendants generally belong in separate lawsuits). In fact, the circumstances surrounding Defendant Clarke's alleged denial of Plaintiff's medication are almost entirely unknown, as the Amended Complaint lacks any intelligible, supporting allegations regarding when/where the medication was prescribed, or when/where the subsequent denial of this medication supposedly took place. Most notably, Plaintiff does not even allege any sort of injury in response to Defendant Clarke's purported failure to approve his medication. *See Frazier v. Blackwell*, No. 1:20-cv-3032-CMC-SVH, 2021 WL 1648772, at *7 (D.S.C. Mar. 30, 2021), *adopted*, 2021 WL 1630593 (D.S.C. Apr. 27, 2021) (noting that if a prisoner has not suffered serious or significant physical or mental injury, he simply has not been

subjected to cruel and unusual punishment within the meaning of the Eighth Amendment). (*See also supra* pp. 8–10.)

While the federal pleading standard does not require "detailed factual allegations," it "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 at 678; *Garner v. Cohen*, No. 2:16-cv-561-TLW-MGB, 2016 WL 9175627, at *4 (D.S.C. Sept. 1, 2016), *adopted*, 2017 WL 2645754 (D.S.C. June 20, 2017) (finding complaint's "vague references to [*pro se*] Plaintiff's rights being violated, absent any specific facts or allegations against the Defendants, [were] wholly insufficient to state any sort of plausible claim"); *see also Edwards v. White*, No. 2:20-cv-2301-CMC, 2021 WL 2309975, at *2 (D.S.C. June 7, 2021) (dismissing *pro se* prisoner's Eighth Amendment claim where plaintiff generally alleged that defendants "did not give me my sick call or my pills," and failed to link the denial of his medication with an injury). As the undersigned previously warned Plaintiff, such bare allegations are insufficient, even for a *pro se* party like him, to state a claim to relief under the Eighth Amendment.[1] (*See* Dkt. No. 7 at 3.) Thus, despite availing himself of the opportunity to amend his pleading, Plaintiff's claims against Defendant Clarke are still too vague to state a claim under § 1983 and must be summarily dismissed.

## CONCLUSION

For the reasons discussed above, the undersigned finds that Plaintiff's Amended Complaint (Dkt. No. 11) is subject to summary dismissal for failure to state a plausible claim to relief. The undersigned therefore **RECOMMENDS** that the Court dismiss this action with prejudice and

---

[1] The undersigned further reiterates that to the extent Plaintiff is attempting to hold Defendant Clarke liable for the actions of subordinate medical personnel, the doctrine of *respondeat superior* does not apply to § 1983 claims. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). Moreover, any negligence on Defendant Clarke's part with respect to ensuring proper medication distribution likewise falls short of actionable deliberate indifference. *See Davidson v. Cannon*, 474 U.S. 344, 347 (1986).

without issuance and service of process. *See Workman v. Morrison Healthcare*, 724 F. App'x. 280, 281 (4th Cir. June 4, 2018) (noting that where the district court has already afforded an opportunity to amend, the district court has the discretion to afford another opportunity to amend or can "dismiss the complaint with prejudice, thereby rendering the dismissal order a final, appealable order"). In light of the undersigned's conclusion, the Clerk of Court shall not issue the summons forms or forward this matter to the United States Marshal Service for service of process.

**IT IS SO RECOMMENDED.**

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

September 28, 2021
Charleston, South Carolina

Plaintiff's attention is directed to the **important notice** on the next page.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).