UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Benjamin Johnson, ) | Civil Action No.: 2:20-cv-03831-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Bryan P. Stirling and April Clarke ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the Court on Plaintiff Benjamin Johnson's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Mary Gordon Baker, who recommends summarily dismissing Plaintiff's amended complaint with prejudice.[1]  *See* ECF Nos. 15 & 17.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court.  The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court.  *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976).  The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report

---

[1] The Magistrate Judge reviewed the amended complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).  The Court is mindful of its duty to liberally construe Plaintiff's pro se filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)).  *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Plaintiff is a state prisoner who alleges he sustained mental and emotional injuries after witnessing a prison riot ("the riot") that occurred at Lee Correctional Institution ("Lee") on April 15, 2018.[2] Plaintiff filed his amended complaint[3] [ECF No. 11], alleging violations to his constitutional rights pursuant to 42 U.S.C. § 1983, against Bryan P. Stirling, Director of the South Carolina Department of Corrections ("SCDC"), and April Clarke, SCDC's Division Director of Health and Professional Services. Plaintiff alleges Defendants were deliberately indifferent to his safety and medical needs in violation of the Eighth Amendment. Specifically, Plaintiff's amended complaint alleges (1) Defendant Stirling failed to protect Plaintiff from harm during the riot; (2) Defendant Stirling failed to secure proper mental health treatment for Plaintiff following the riot; and (3) Defendant Clarke failed to approve medication needed to treat Plaintiff's multiple sclerosis

---

[2]   Plaintiff was not physically involved in the riot, but he witnessed the riot from the window of his cell door. *See* ECF No. 11 at 6.

[3]   After notifying Plaintiff that his initial complaint was subject to summary dismissal for failure to state a claim upon which relief may be granted, the Magistrate Judge gave Plaintiff the opportunity to file an amended complaint. *See* ECF No. 7.

("MS").[4]  Plaintiff seeks $26 million in compensatory and punitive damages.

The Magistrate Judge recommends summarily dismissing Plaintiff's amended complaint because Plaintiff's allegations against Defendants fall short of actionable Eighth Amendment claims.  *See* ECF No. 15.  As to Defendant Stirling, the Magistrate Judge found (1) "any unsubstantiated allusions to a statewide conspiracy involving an intentionally 'orchestrated' riot—without more—are plainly frivolous;" (2) Plaintiff's allegations that Defendant Stirling failed to comply with SCDC's standard riot procedures are insufficient to state a constitutional violation; (3) any purported negligence falls short of deliberate indifference to Plaintiff's safety under the Eighth Amendment; (4) Plaintiff fails to identify a compensable injury; (5) Plaintiff's amended complaint does not demonstrate Defendant Stirling was aware of Plaintiff's purported emotional condition following the riot; and (6) claims against Defendant Stirling are barred by the Eleventh Amendment.  *Id*. at 6–12.  As to Defendant Clarke, the Magistrate Judge found Plaintiff's bare allegations were insufficient to state a claim to relief under the Eighth Amendment.  *Id*. at 12–13.

Although Plaintiff's objections to the R & R are somewhat incoherent, Plaintiff appears to argue that because Stirling entered into settlement agreements with other inmates present at the riot (1) the Magistrate Judge erred in finding Plaintiff's claims frivolous; (2) dismissing Plaintiff's claims would violate the Equal Protection Clause; and (3) Defendant Stirling waived Eleventh Amendment immunity.  Plaintiff also objects to the R & R arguing the following: the R & R was an advisory opinion that conjured up a defense for Defendants;  summary dismissal denies him of his right to present his case and be fully heard; Plaintiff met his burden of proof to show Stirling violated the Eighth Amendment by failing to ensure prisoners were safe when he failed to abide by

---

[4]   The R & R thoroughly summarizes Plaintiff's allegations.  *See* ECF No. 15.

policy and ordered security to stand idly by; and the Magistrate Judge improperly analyzed Stirling's obligations by ignoring the substantial risk of emotional and physical harm to Plaintiff. *See* ECF No. 17.

Plaintiff's objections make multiple references to settlement agreements entered into by Defendant Stirling and other inmates at Lee during the riot. Plaintiff uses such settlement agreements as a basis for his objections that (1) the settlement agreements prove his claims were not frivolous,[5] (2) dismissing Plaintiff's claims even though other cases settled violates the Equal Protection Clause, and (3) Defendant Stirling waived Eleventh Amendment immunity by entering into the settlement agreements. However, Defendant's settlement of separate cases brought by different plaintiffs has no bearing on the instant case as the settlement of those cases did not constitute an adjudication on the merits. As such, Plaintiff's objections premised on the settlement of other cases are without merit.

Plaintiff's arguments that the Magistrate Judge's issuance of the R & R constitutes an advisory opinion that conjured up a defense for Defendants and that summary dismissal denied him of his right to present his case and be fully heard are also without merit. An R & R serves as proposed findings of fact and recommendations to this Court, and this Court makes the final determination. *See* 28 U.S.C. § 636(b)(1)(B); *see also Matthews*, 423 U.S. 270–71 (noting a Magistrate Judge's recommendation has no presumptive weight and the responsibility to make a final determination remains with the district court). Furthermore, the R & R did not conjure up a defense for the Defendants or violate Plaintiff's right to be heard, but served as the requisite

---

[5] The R & R did not suggest all of Plaintiff's claims were frivolous, but noted "any unsubstantiated allusions to a statewide conspiracy involving an intentionally 'orchestrated' riot—without more—are plainly frivolous and therefore subject to summary dismissal." ECF No. 15 at 6.

4

preliminary screening that is required by the Prison Litigation Reform Act of 1996 ("PLRA")[6] for any complaint in which a prisoner seeks redress from a governmental entity or an officer or employee of a governmental entity.  The PLRA requires the dismissal of such cases upon a finding that the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief."  Pub. L. No. 104–134, 110 Stat. 1321–71 (1996); *see also* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B).  Furthermore, dismissal under the PLRA does not violate an indigent litigant's right to present his case.  *See Vanderberg v. Donaldson*, 259 F.3d 1321, 1322–24 (11th Cir.2001) (holding section 1915(e)(2)(B)(ii) does not violate the Equal Protection Clause because it is "rationally related to the government's legitimate interests in deterring meritless claims and conserving judicial resources."); *Thomas v. Virginia*, 437 F. App'x 233, 234 (4th Cir. 2011) (rejecting a challenge to the constitutionality of section 1915(e)(2)(B)(ii)).  Thus, the Magistrate Judge's findings necessarily noted why Plaintiff's amended complaint was subject to summary dismissal under the PLRA, and summary dismissal of the Plaintiff's amended complaint for such reasons does not deprive the Plaintiff of the right to present his case.

Plaintiff also objects to the R & R arguing that he met the burden of proof to show Defendant Stirling violated the Eighth Amendment by failing to ensure prisoners were safe when Stirling failed to abide by policy and ordered security to stand idly by.  However, "failure of prison officials to follow their own policies or procedures, standing alone does not amount to a constitutional violation" under § 1983, and any alleged negligence by Stirling does not amount to the deliberate indifference for Plaintiff's safety required for an Eighth Amendment violation.

---

[6]     Pub. L. No. 104–134, 110 Stat. 1321–71 (1996).

5

*Greene v. White*, No. 4:15-cv-00392-JMC-TER, 2016 WL 11410282, at *3 n.3(D.S.C. Feb. 29, 2016), *adopted*, 2016 WL 1742808 (D.S.C. 3, 2016); *see Farmer v. Brennan*, 511 U.S. 825, 828 (1994) ("A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment."); *Johnson v. Ozmint*, 567 F. Supp. 2d 806, 823 (D.S.C. 2008)("[T]he failure of a prison official to follow prison procedures does not, standing alone, amount to a constitutional violation."); *Whitley v. Albers*, 475 U.S. 312 (1986) ("It is obduracy and wantonness, not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing the conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock."); *Grayson v. Peed*, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it.").

Furthermore, Plaintiff has not shown that he suffered a compensable injury. Plaintiff lists his injuries as emotional distress, mental anguish, and post-traumatic stress disorder but does not allege physical injury. *See* 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury."); *see also Burgess v. Stirling*, No. CV 5:20-782-JMC-KDW, 2020 WL 4719892, at *1 (D.S.C. Apr. 30, 2020), *adopted*, 2020 WL 2783672 (D.S.C. May 28, 2020) (finding the Plaintiff failed to state a constitutional violation because his injuries related to the riot were limited to mental health issues).

Plaintiff argues the Magistrate Judge improperly analyzed Stirling's obligation by ignoring the substantial risk of emotional and physical harm to Plaintiff. To the extent this argument may be read as an objection to the Magistrate Judge's finding that claims against Defendant Stirling for the

6

allegedly inadequate mental health treatment provided by Lee's medical staff are subject to summary dismissal, such objection is overruled because there is no indication that Stirling was part of Plaintiff's medical team or that in his supervisory capacity he was aware of Plaintiff's emotional condition following the riot. *See Randall v. Prince George's Cnty.*, Md., 302 F.3d 188, 206 (4th Cir. 2002) ("[S]upervisory liability may attach under § 1983 if a plaintiff can establish . . . (1) 'that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed a "pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff'; (2) 'that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices"'; and (3) 'that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff.'") (citing *Shaw v. Stroud*, 13 F.3d 791 (4th Cir. 1994)).

Plaintiff does not object to the Magistrate Judge's finding that Plaintiff failed to state a claim of deliberate indifference under the Eighth Amendment as to Defendant Clarke. The Court, finding no clear error, adopts that finding. *See Diamond*, 416 F.3d at 315; *see also Camby*, 718 F.2d at 199-200.

## **Conclusion**

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Magistrate Judge's R &R [ECF No. 15], and **DISMISSES** this action *with prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina             s/ R. Bryan Harwell
March 8, 2022             R. Bryan Harwell
           Chief United States District Judge